KNM 03-216 1/9/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUSAN MYERS :
Plaintiff, :
: CA 06T
v. : C.A. NO. 04-
:
SOVEREIGN CHARTERS, LLC :
Defendants. :

# COMPLAINT

## A. Parties

1. Plaintiff, SUSAN MYERS, (hereinafter, "Plaintiff") is an individual, who is a citizen of the State of Connecticut.

2. Defendant, SOVEREIGN CHARTERS, LLC, (hereinafter, "SOVEREIGN CHARTERS") is a corporation duly organized and existing under the laws of the State of Rhode Island. Defendant has its principal place of business in Newport, Rhode Island.

3. On or about January 15, 2001, the Defendant, SOVEREIGN CHARTERS, was doing business within the State of Rhode Island.

4. On or about January 15, 2001, Plaintiff was employed by the Defendant, SOVEREIGN CHARTERS.

5. On or about January 15, 2001, the Plaintiff was employed by the Defendant, SOVEREIGN CHARTERS as a seaman, and a member of the crew of the yacht, *Sovereign*.

6. On or about January 15, 2001, the Defendant, SOVEREIGN CHARTERS, owned the yacht, *Sovereign*, and its tender, a 28 foot Intrepid motor vessel.

7. On or about January 15, 2001, the Defendant, SOVEREIGN CHARTERS, operated the *Sovereign* and its tender, a 28 foot Intrepid motor vessel.

8. On or about January 15, 2001, the Defendant, SOVEREIGN CHARTERS, or the Defendant's agents, servants, and/or employees, controlled the *Sovereign* and its tender, a 28 foot Intrepid motor vessel.

9. On or about January 15, 2001, the *Sovereign* and its tender, a 28 foot motor vessel were in navigable waters of the Caribbean Sea in the vicinity of Anguilla and Saint Maarten.

10. On or about January 15, 2001, while in the performance of her duties in the service of the *Sovereign* and its tender, the Plaintiff, SUSAN MYERS, sustained personal injuries while aboard the *Sovereign's* tender, while it was in navigation and while she was otherwise furthering the mission of the *Sovereign* and its tender, pursuant to the captain of the *Sovereign's* instructions.

11. The injuries sustained by Plaintiff were to her neck, back and other parts of her person and are severe, permanent and disabling, causing her great pain and suffering and resulting in substantial medical expense, loss of income and loss of earning capacity.

12. Prior to and at the time she sustained the above-mentioned personal injuries, the Plaintiff, SUSAN MYERS was exercising due care.

**B. Jurisdiction**

13. This case is cognizable under Admiralty and Maritime jurisdiction pursuant to an Act of Congress, known as the Merchant Marine Act, approved by Congress on June 5, 1920, Section 33, commonly referred to as the Jones Act, 46 U.S.C.

§ 688, and pursuant to the General Maritime Law of the United States of America, and Rhode Island State Law, as hereinafter more fully appears.

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

## COUNT I

### Jones Act Negligence

15. The Plaintiff, SUSAN MYERS, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, SUSAN MYERS, were not caused by any fault on her part but were directly and proximately caused by the negligence of the Defendant, SOVEREIGN CHARTERS, its agents, servants and/or employees as a result of the unsafe and unseaworthy conditions of the vessel, *Sovereign*, and more particularly, its tender, and the negligence and lack of attention of the defendant, Sovereign Charters, acting through its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, SUSAN MYERS, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, SUSAN MYERS, demands judgment against the Defendant, SOVEREIGN CHARTERS, LLC, together with interest and costs.

## COUNT II

### General Maritime Law – Unseaworthiness

19. The Plaintiff, SUSAN MYERS, reiterates the allegations set forth in paragraphs 1 through 14 above and repeats and realleges all of the foregoing paragraphs of Count I with the same force and effect as if herein set forth at length, and in addition thereto alleges:

20. The personal injuries sustained by the Plaintiff, SUSAN MYERS, were due to no fault of hers, but were caused by the unseaworthiness of the *Sovereign* and more particularly, its tender.

21. Pursuant to the General Maritime Law of the United States of America, Defendant, SOVEREIGN CHARTERS, had the absolute and non-delegable duty to provide Plaintiff with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a reasonably safe place to work.

22. The Defendant's vessel, *Sovereign*, and, more particularly, its tender, was unseaworthy by reason of the aforesaid facts alleged in paragraph 16 in that it:

a. lacked proper hand holds;

b. lacked competent crew; and

c. the vessel and its tender were inadequate for the voyage and sea conditions reasonably to be expected.

23. The injuries sustained by Plaintiff, SUSAN MYERS, were the direct and proximate result of the unseaworthiness of the vessel *Sovereign*, and, more particularly, its tender as delineated in paragraph 22.

24. As a result of said injuries, the Plaintiff, SUSAN MYERS, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SUSAN MYERS, demands judgment against the Defendant, SOVEREIGN CHARTERS, LLC, together with interest and costs.

**COUNT III**

**General Maritime Law – Maintenance and Cure**

25. The Plaintiff, SUSAN MYERS, reiterates the allegations set forth in paragraphs 1 through 14 above and repeats and realleges all of the foregoing paragraphs of Count I and Count II with the same force and effect as if herein set forth at length, and in addition thereto alleges:

26. Pursuant to the General Maritime Law of the United States of America, defendant, SOVEREIGN CHARTERS, had the absolute and non-delegable duty to provide Plaintiff with maintenance and cure from the date she was rendered unfit for duty until maximum cure is achieved.

27. Plaintiff, SUSAN MYERS, has not yet achieved maximum cure.

28. As a result of the aforementioned accident aboard the *Sovereign's* tender Intrepid on or about January 15, 2001, Plaintiff was rendered unfit for duty as a seaman and presently remains unfit for and incapable of returning to duty as a seaman.

29. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, SUSAN MYERS, has incurred and will continue to incur expenses for her maintenance and cure.

WHEREFORE, the Plaintiff, SUSAN MYERS, demands judgment against the Defendant, SOVEREIGN CHARTERS, LLC, together with interest and costs.

## COUNT IV

### General Maritime Law/Jones Act – Intentional/Negligent Failure to Provide Maintenance and Cure

30. The Plaintiff, SUSAN MYERS, reiterates the allegations set forth in paragraphs 1 through 14 above and repeats and realleges all of the foregoing paragraphs of Count I, Count II, and Count III with the same force and effect as if herein set forth at length, and in addition thereto alleges:

31. Under the General Maritime Law of the United States of America, Plaintiff is entitled to the maintenance and cure from the date of her injury.

32. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, SUSAN MYERS, has incurred and will continue to incur expenses for her maintenance and cure.

33. The Plaintiff, SUSAN MYERS, has provided proper notice of her injury and current physical condition to the Defendant, SOVEREIGN CHARTERS, and has made a demand for the provision of maintenance and cure.

34. The Defendant, SOVEREIGN CHARTERS, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff fully with maintenance and cure in a timely and adequate manner.

35. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from her usual work and

pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SUSAN MYERS, demands judgment against the Defendant, SOVEREIGN CHARTERS, LLC, together with interest and costs.

SUSAN MYERS
By her Attorneys,

HANSON CURRAN LLP

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

Plaintiff hereby claims a trial by jury and designates James T. Murphy as trial attorney.

KNM 03-216 1/8/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SUSAN MYERS<br>Plaintiff, | : | |
| v. | : | C.A. NO. 04- |
| SOVEREIGN CHARTERS, LLC<br>Defendants. | : | |

**SEAMAN'S AFFIDAVIT**

I, James T. Murphy, attorney for the Plaintiff in the above-entitled action, do on oath depose and say as follows:

1. The Plaintiff, Susan Myers, in the above entitled action was a seaman and claims the benefits of the United States Code, Title 28, Section 1916, which provides that:

> "In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of the laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor."

James T. Murphy, Esq. (#1698)
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 9th day of Jan., 2004.

NOTARY PUBLIC
Print Name: G. Mick
Commission Expires: 7/29/06