**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ******************************) | |
| **SUSAN MYERS,** ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **Civil Action No.: 04-06T** |
| ) | |
| **SOVEREIGN CHARTERS, LLC,** ) | |
| **Defendant** ) | |
| ****************************** | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, SOVEREIGN CHARTERS, LLC, by and through its undersigned attorneys, HOLBROOK & MURPHY, and Answers the Plaintiff's Compliant as follows:

**A. Parties**

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One (1) and therefore denies same.

2. The defendant denies the allegations contained in Paragraph Two (2).

3. The defendant admits the allegations contained in Paragraph Three (3).

4. The defendant admits that on January 15, 2001, it employed the plaintiff. The defendant denies the remaining allegations contained in Paragraph Four (4).

5. The defendant admits that on January 15, 2001, it employed the plaintiff aboard the Yacht SOVEREIGN as a seaman and a member of the crew. The defendant denies the remaining allegations contained in Paragraph Five (5).

6. The defendant admits the allegations contained in Paragraph Six (6).

4

7. The defendant admits the allegations contained in Paragraph Seven (7).

8. The defendant admits the allegations contained in Paragraph Eight (8).

9. The defendant admits that on January 15, 2001, the SOVEREIGN and its tender were in navigable waters. The defendant denies the remaining allegations contained in Paragraph Nine (9).

10. The defendant denies the allegations in Paragraph Ten (10).

11. The defendant denies the allegations in Paragraph Eleven (11).

12. The defendant denies the allegations in Paragraph Twelve (12).

## B. Jurisdiction

13. The allegations contained in Paragraph Thirteen (13) are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

14. The allegations contained in Paragraph Fourteen (14) are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

## COUNT I
## Jones Act Negligence

15. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Fourteen (14), inclusive, of its Answer and incorporates same by reference herein.

16. The defendant denies the allegations contained in Paragraph Sixteen (16).

17. The defendant denies the allegations contained in Paragraph Seventeen (17).

18. The allegations contained in Paragraph Eighteen (18) are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

WHEREFORE, the defendant prays that Count I of the Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

**COUNT II**
**General Maritime Law - Unseaworthiness**

19. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Eighteen (18), inclusive, of its Answer and incorporates same by reference herein.

20. The defendant denies the allegations contained in Paragraph Twenty (20).

21. The allegations contained in Paragraph Twenty-One (21) are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

22. The defendant denies the allegations contained in Paragraph Twenty-Two (22), including subparagraphs (a) through (c) inclusive.

23. The defendant denies the allegations contained in Paragraph Twenty-Three (23).

24. The defendant denies the allegations contained in Paragraph Twenty-Four (24).

WHEREFORE, the defendant prays that Count II of the Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

**COUNT III**
**General Maritime Law - Maintenance and Cure**

25. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Twenty-Four (24), inclusive, of its Answer and incorporates same by reference herein.

26. The allegations contained in Paragraph Twenty-Six (26) are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

27. The defendant denies the allegations contained in Paragraph Twenty-Seven (27).

28. The defendant denies the allegations contained in Paragraph Twenty-Eight (28).

29. The defendant denies the allegations contained in Paragraph Twenty-Nine (29).

WHEREFORE, the defendant prays that Count III of the Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

**COUNT IV**
**General Maritime Law/Jones Act - Intentional/Negligent Failure to Provide Maintenance and Cure**

30. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Twenty-Nine (29), inclusive, of its Answer and incorporates same by reference herein.

31. The allegations contained in Paragraph Thirty-One (31) are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

32. The defendant denies the allegations contained in Paragraph Thirty-Two (32).

33. The defendant denies the allegations contained in Paragraph Thirty-Three (33).

34. The defendant denies the allegations contained in Paragraph Thirty-Four (34).

35. The defendant denies the allegations contained in Paragraph Thirty-Five (35).

WHEREFORE, the defendant prays that Count IV of the Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

**AFFIRMATIVE DEFENSES:**

Now comes the defendant and incorporates the following Affirmative Defenses into each and every COUNT contained in its Answer to Plaintiff's Complaint as follows:

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the injuries alleged were sustained, which is specifically denied, they did not occur while the plaintiff was in the service of the vessel.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's own negligence and failure to exercise the degree of care, skill and knowledge in the performance of her work reasonably to be expected of an individual of the plaintiff's experience and not due to any negligence or fault on the part of the defendant or any persons for whom the defendant may be legally responsible.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained personal injuries as alleged herein, which is specifically denied, it was due to the action and/or omissions of individuals for whom the defendant is not legally responsible.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff was injured as alleged herein, which is specifically denied, the plaintiff's injury was sustained as a result of an Act of God, for which the defendant is not legally responsible.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge or privity of the defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, of and concerning Limitations of Liability of the defendant, including 46 U.S.C. Section 183(b).

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained injuries as alleged herein, which is specifically denied, the plaintiff has not provided documentary medical proof of said injuries, that such injuries occurred in the service of the vessel nor that the plaintiff's alleged medical condition is non-palliative.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that this action is barred by the statute of limitations.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that this action is barred by laches.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff did not report his alleged injuries in a timely manner, as required by statute and therefore the Complaint should be dismissed.

WHEREFORE, the defendant prays that the above complaint be dismissed together with costs and reasonable attorney's fees.

The defendant claims trial by jury on all issues raised in Plaintiff's Complaint, Defendant's Answer and Affirmative Defenses, excluding the issue of Limitation of Liability which is unique to the Court's determination.

SOVEREIGN CHARTERS, LLC
By its attorney,

[signature]

Seth S. Holbrook, RI bar # 5677
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
(617) 428-1151

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 3-9-04

[signature]