JTM:ems 03-216 11/24/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUSAN MYERS
*Plaintiff*,

v. C.A. NO. 04-06T

SOVEREIGN CHARTERS, LLC
*Defendants*.

**MOTION TO COMPEL**
**ANSWERS TO INTERROGATORIES**

Now comes plaintiff, pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure and Rule 12(a)(1) of the Local Rules of the United States District Court for the District of Rhode Island and moves this Honorable Court for an order compelling defendant, Sovereign Charters, LLC, to respond to plaintiff's interrogatories, in full. Plaintiff served her interrogatories, with a date of service of October 14, 2004. Two months have passed. The time within which to file answers to the interrogatories has expired. Likewise, the time within which to serve objections to the interrogatories is expired and, accordingly, objections are waived pursuant to Rule 33(b). Plaintiff's counsel asserts that he had telephone conversations with defendant's counsel on November 19 and 24, 2004, and offered a stipulated extension, but no stipulation form was forthcoming. On November 24th plaintiff's counsel also sent defendant's attorney a letter enclosing an earlier draft version of this motion. A copy of that letter is attached hereto as Exhibit "1". On December 13, 2004, defendant and its counsel were scheduled to appear for a

9

deposition at plaintiff counsel's office, pursuant to a second notice of deposition. When they failed to appear for the second time, plaintiff counsel telephoned defendant's attorney, got his voice mail, and asked him to call regarding the non-compliance with discovery. As of the signing of this motion, plaintiff counsel has not received a return phone call.

Undersigned counsel certifies that he, therefore, in good faith, conferred or attempted to confer with the party not making the discovery disclosures in an effort to secure the disclosure without court action.

In light of the current discovery closure deadline of January 15, 2005, plaintiff respectfully requests this Court for an order requiring defendant to serve full and complete answers to interrogatories, without objection, within ten (10) days of the date that the Court rules upon this motion.

Plaintiff, Susan Myers
By her Attorneys,

HANSON CURRAN LLP

_______________________________

James T. Murphy, Esq. #1698
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

**PROOF OF SERVICE** Signed at 11:30 pm

I hereby certify that on this 13th day of December 2004, I served the within document by mailing a copy of same to **Seth S. Holbrook, Esq. and Robert Murphy, Esq.**, HOLBROOK & MURPHY, 150 Federal Street, 12th Floor, Boston, MA 02110.

_______________________________

HANSON CURRAN LLP

COUNSELORS AT LAW

DAVID P. WHITMAN
MICHAEL T.F. WALLOR
JAMES T. MURPHY*
THOMAS R. BENDER

MEGAN J. GOGUEN†♦
KELLY N. MICHELS*
SARA L. ORTLEB*

* ALSO ADMITTED IN MASSACHUSETTS
† ALSO ADMITTED IN NEW YORK
♦ ALSO ADMITTED IN CONNECTICUT

KIRK HANSON 1948–1991
WILLIAM A. CURRAN 1957-2002

November 24, 2004

Robert J. Murphy, Esq.
Holbrook & Murphy, Esq.
150 Federal Street, 12th Floor
Boston, MA 02110

***Re: Susan Myers***
***Vs: Sovereign Charters***
***Our File: 03-216***

Dear Bob:

Following up on my telephone message of November 19, and 24th 2004, I note that the current discovery disclosure date is January 15, 2005. Although Susan Myers responded to your interrogatories and documents requests, and also submitted herself for deposition, Sovereign Yacht Charters did not appear for the Rule 30(b)(6) deposition scheduled for November 1st. Despite the subsequent telephone conversations that Kelly Michels and I had with you about this, we still do not have a new deposition date. Accordingly, I enclose herewith a new notice of deposition, with attached schedule, for Sovereign Charters, LLC. It is scheduled for Monday, December 13, 2004 at 10:00 a.m. This should give you a couple of weeks to arrange for attendance of the necessary witness or witnesses.

Also, we have not received answers to our interrogatories nor responses to our request for production of documents. The time for compliance is past, and all objections are deemed waived. Enclosed are draft motions to compel discovery compliance. I would like to get them filed soon, so please call me immediately upon receipt of this letter so that we can confer about resolving the non-compliance issue without need to resort to motion practice.

When we last spoke, I informed you that Susan Myers' doctors told her that she needs to have nerve block injections as a result of the on-going degeneration in her spine and without them the doctors will have to narcotic pain medication. This, I expect, will further delay her recovery and simply make matters worse. I understand that Atlantic

[redacted]

THE FRANCIS BUILDING, 146 WESTMINSTER STREET, PROVIDENCE, RHODE ISLAND 02903-2202
TELEPHONE 401-421-2154 TELECOPIER 401-521-7040 WWW.HANSONCURRAN.COM

Robert J. Murphy, Esq.
November 24, 2004
Page 2

indicated that it will not approve these blocks. Accordingly, we have a maintenance and cure issue. The damages in this case already are quite significant, but my client's health and ultimate recovery is of more importance than pursuit of an additional and maintenance and cure claim against the ship owner and its carrier.

Kindly give me a call upon receipt of this letters so we can discuss the aforementioned matters.

Very truly yours,

James T. Murphy
E-Mail Address: jtm@hansoncurran.com

JTM:ems

Bob - call me. I want to file the motion the week of Dec 13

JM

JTM:ems 03-216 11/24/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUSAN MYERS
*Plaintiff,*

v. C.A. NO. 04-06T

SOVEREIGN CHARTERS, LLC
*Defendants.*

**SECOND NOTICE TO TAKE DEPOSITION**

Please take notice that the plaintiff, Susan Myers, will conduct the deposition of defendant, **SOVEREIGN CHARTERS, LLC**, on oral examination before a duly authorized notary public, or some other duly authorized person, *pursuant to Rule 30(b)(6) through its designee or designees who are identified by or who consent to testify on behalf of Sovereign Charters, LLC,* and the attached Schedule A, at the offices of **Hanson Curran LLP, 146 Westminster Street, Providence, Rhode Island** on **MONDAY, DECEMBER 13, 2004** at **10:00 a.m.** You are hereby notified to attend said deposition and take such part in the examination as may be fit and proper.

Susan Myers
By her Attorneys,

HANSON CURRAN LLP

James T. Murphy, Esq. #1698
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

**PROOF OF SERVICE**

I hereby certify that on this 24th day of November, 2004, I served a copy of the within notice to take deposition by mailing copies of same to **Seth S. Holbrook, Esq. and Robert Murphy, Esq.**, HOLBROOK & MURPHY, 150 Federal Street, 12th Floor, Boston, MA 02110 and **Reporting Associates**, 10 Dorrance Street, Suite 220, Providence, RI 02903.

Elizabeth M Siegel
of Hanson Curran LLP

# DRAFT

JTM:ems 03-216 5/27/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUSAN MYERS
*Plaintiff,*
v. C.A. NO. 04-06T

SOVEREIGN CHARTERS, LLC
*Defendants.*

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION**

Now comes plaintiff, Susan Myers, and pursuant to the provisions of Rule 37(a)(1) of the Federal Court Rules of Civil Procedure and Rule 12(a) of the Local Rules of the United States District Court for the District of Rhode Island and moves for an order compelling defendant to serve responses to plaintiff's request for production of documents within ten (10) days of the date that the Court rules on this motion.

As grounds for this motion, plaintiff avers that on or about October 14, 2004, plaintiff served a request for production of documents upon defendant's counsel. No documents were produced by defendant pursuant to the request for production, nor were any objections timely interposed by counsel for the defendant.

On November 19 and 24, 2004, undersigned plaintiff's counsel telephoned defense counsel and left a message with respect to the non-compliance with discovery and requesting McColl to confer about the matter. Also, plaintiff's counsel sent a letter to defense counsel,

dated November 24, 2004, enclosing a draft copy of this motion and a request to confer concerning the non-disclosure. Therefore, undersigned counsel certifies that he has in good faith conferred or attempted to confer with the party not making the discovery disclosure in an effort to secure disclosure without court action.

In light of the current discovery closure date of January 15, 2005, plaintiff respectfully requests an order requiring defendant to comply completely with the request for production of documents within ten (10) days of the date that the Court rules on this motion.

Plaintiff, Susan Myers
By her Attorneys,

HANSON CURRAN LLP

________________________________

James T. Murphy, Esq. #1698
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

**PROOF OF SERVICE**

I hereby certify that on this ________day of ____________, 2004, I served the within document by mailing a copy of same to **Seth S. Holbrook, Esq. and Robert Murphy, Esq.**, HOLBROOK & MURPHY, 150 Federal Street, 12th Floor, Boston, MA 02110.

________________________________

of Hanson Curran LLP

KNM 03-216 10/7/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SUSAN MYERS<br>Plaintiff,<br><br>v.<br><br>SOVEREIGN CHARTERS, LLC<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br>C.A. NO. 04-06T |

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON THE DEFENDANT, SOVEREIGN CHARTERS, LLC**

**REQUEST NO. 1:** A true and accurate copy of the personnel file for Susan Myers.

**REQUEST NO. 2:** A true and accurate copy of the personnel file for Stephen Quentel.

**REQUEST NO. 3:** A true and accurate copy of the personnel file for Danny Cole.

**REQUEST NO. 4:** A true and accurate copy of the personnel file for Patsy Smith.

**REQUEST NO. 5:** A true and accurate copy of the personnel file for Dawn Ward.

**REQUEST NO. 6:** True and accurate copies of the charter contract agreements and/or contracts from September 2000 through and including December 2002, for the yacht *Sovereign*.

**REQUEST NO. 7:** A true and accurate copy of the deck logs for January 2001 for the yacht *Sovereign* and its tender.

PLAINTIFF'S EXHIBIT A

**<u>REQUEST NO. 8</u>:** A true and accurate copy of the engine logs for January 2001 for the yacht *Sovereign* and its tender.

**<u>REQUEST NO. 9</u>:** A true and accurate copy of the charter logs for September 2000 through and including December 2002 for the yacht *Sovereign* and its tender.

**<u>REQUEST NO. 10</u>:** True and accurate copies of any and all photographs or videotape of plaintiff, the scene of her injury, the yacht, *Sovereign* and/or its Intrepid tender.

**<u>REQUEST NO. 11</u>:** All correspondence and communications between Sovereign Charters, its agents, insurers and/or attorneys and Ms. Myers' and/or any of Ms. Myers healthcare providers.

**<u>REQUEST NO. 12</u>:** All documents having as their subject matter, evidencing, or referring to ownership interests in *Sovereign* and/or its tender.

**<u>REQUEST NO. 13</u>:** A copy of *Sovereign's* state registration certificate or Coast Guard Certificate of Documentation.

**<u>REQUEST NO. 14</u>:** All documents having as their subject matter, evidencing, or referring to the purchase or acquisition of *Sovereign* and/or its tender.

**<u>REQUEST NO. 15</u>:** All documents having as their subject matter, evidencing, or referring to the condition, maintenance, modification, add-on history and repair of *Sovereign* and/or its tender before and after the Incident.

**<u>REQUEST NO. 16</u>:** All documents having as their subject matter, evidencing, or referring to any examination, inspection, or survey of *Sovereign* and/or its tender before or after the Incident.

**<u>REQUEST NO. 17</u>:** A copy of the purchase agreement regarding *Sovereign's* tender.

**<u>REQUEST NO. 18</u>:** All correspondence and communications between Ms. Myers, her agents, insurers and/or attorneys and Sovereign Charters, its agents, insurers and/or attorneys concerning to the Incident.

**<u>REQUEST NO. 19</u>:** All correspondence and communications between Sovereign Charters, its agents, insurers and/or attorneys and any other person or entity concerning to the Incident.

**<u>REQUEST NO. 20</u>:** To the extent not sought in the preceding requests for production if documents, all other documents, notices of claims, damage reports and surveys, correspondence and/or other communications concerning to the Incident and/or damages resulting therefrom.

**<u>REQUEST NO. 21</u>:** All documents having as their subject matter, evidencing, or referring to the any insurance claim made by Sovereign Charters relating to the Incident which is the subject matter of the Complaint, including, but not limited to, the policy of any relevant insurance with declarations and endorsements; the claims file; and applicable subrogation receipt.

**<u>REQUEST NO. 22</u>:** All written statements, signed or unsigned, or notes based upon interviews of any and all witnesses to the Incident which is the subject matter of the Complaint, or of any persons having knowledge of facts relevant to the matters set forth therein.

**<u>REQUEST NO. 23</u>:** All charts, maps, drawings, models, sketches, or other depictions concerning the subject matter of this litigation, including where the *Sovereign* and its tender were anchored, the course followed by the tender from *Sovereign* to the point of injury and back to *Sovereign*.

**<u>REQUEST NO. 24</u>:** All audio and visual representations and/or recordings concerning the subject matter of this litigation.

**<u>REQUEST NO. 25</u>:** All physical evidence in the custody of, or available to, plaintiff which is the subject matter of this litigation.

**<u>REQUEST NO. 26</u>:** All exhibits which will be offered at the time of trial.

**<u>REQUEST NO. 27</u>:** All payroll records for Susan Myers during her employment with Sovereign Charters.

SUSAN MYERS
By her Attorneys,
HANSON CURRAN LLP

Kelly N. Michels

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax
jtm@hansoncurran.com
knm@hansoncuran.com

**PROOF OF SERVICE**

I hereby certify that on this 14 day of October, 2004 I mailed or hand delivered a copy of the above to **Seth S. Holbrook, Esq. and Robert Murphy, Esq.**, HOLBROOK & MURPHY, 150 Federal Street, 12th Floor, Boston, MA 02110.

Jean C. Douglas
of Hanson Curran LLP

# DRAFT

JTM:ems 03-216 5/27/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUSAN MYERS
*Plaintiff,*

v. C.A. NO. 04-06T

SOVEREIGN CHARTERS, LLC
*Defendants.*

**MOTION TO COMPEL
ANSWERS TO INTERROGATORIES**

Now comes plaintiff, pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure and Rule 12(a)(1) of the Local Rules of the United States District Court for the District of Rhode Island and moves this Honorable Court for an order compelling defendant, Sovereign Charters, LLC, to respond to plaintiff's interrogatories, in full. Plaintiff served her interrogatories, with a date of service of October 14, 2004. The time within which to file answers to the interrogatories has expired. Likewise, the time within which to serve objections to the interrogatories is expired and, accordingly, objections are waived pursuant to Rule 33(b). Plaintiff's counsel asserts that by virtue of a telephone messages to defendant's counsel on November 19 and 24, 2004 and by virtue of a letter enclosing a draft copy of this motion, sent to defendant's counsel on November 24, 2004.

Undersigned counsel certifies that he, therefore, in good faith, conferred or attempted to confer with the party not making the discovery disclosures in an effort to secure the disclosure without court action.

In light of the current discovery closure deadline of January 15, 2005, plaintiff respectfully requests this Court for an order requiring defendant to serve answers to interrogatories within ten (10) days of the date that the Court rules upon this motion.

Plaintiff, Susan Myers
By her Attorneys,

HANSON CURRAN LLP

_______________________________

James T. Murphy, Esq. #1698
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

**PROOF OF SERVICE**

I hereby certify that on this ________day of ____________, 2004, I served the within document by mailing a copy of same to **Seth S. Holbrook, Esq. and Robert Murphy, Esq.**, HOLBROOK & MURPHY, 150 Federal Street, 12th Floor, Boston, MA 02110.

_______________________________
of Hanson Curran LLP

KNM 03-216 10/13/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SUSAN MYERS<br>Plaintiff, | : | |
| v. | : | C.A. NO. 04-06T |
| SOVEREIGN CHARTERS, LLC<br>Defendants. | : | |

**PLAINTIFF'S INTERROGATORIES PROPOUNDED ON THE DEFENDANT, SOVEREIGN CHARTERS, LLC**

**Instructions:**

1. Your best estimate must be given whenever exact data cannot be supplied. Any estimated data must be designated as such, and the basis, source or sources, and derivation of each estimate should be set forth separately.

2. With respect to the answer to each interrogatory, or subpart thereof, state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the nature and designation of any document, or file that contains any of the information included in such answer. In addition, identify each other person who you know or believe has or may have some or all of the information sought in such interrogatory or subpart thereof.

3. Information sought by any interrogatory may be furnished by reference to your answer furnished to another interrogatory. However, separate answers should be given in all cases, and interrogatories should not be joined together and accorded a common answer.

4. These interrogatories require supplemental or amended answers to the extent required by Rule 26(e). These interrogatories shall be deemed to be continuing requests for supplemental answers pursuant to Rule 26(e)(3), so as to require additional answers if the party on whom these interrogatories are served obtains further information between the time answers are served and the time of trial of this action.

PLAINTIFF'S EXHIBIT A

**INTERROGATORY NO. 1:** Set forth the full name, date of birth, residence address, business address, occupation, title and functional position of the individual answering these interrogatories on behalf of Sovereign Charters LLC.

**INTERROGATORY NO. 2:** Please set forth the facts surrounding the incident and injuries complained of, as known to you, stating the following:

a. the exact time and date when Ms. Myers was injured;

b. where on the tender to *Sovereign* Ms. Myers was injured;

c. what Ms. Myers was doing at the time she was injured; and

d. the circumstances surrounding Ms. Myers' injury.

**INTERROGATORY NO. 3:** Set forth the name, address, telephone number, and occupation of each person known to Sovereign Charters LLC who has any knowledge concerning any facts relating to the incident mentioned in the complaint or the damages resulting therefrom, and set forth with particularity the subject matter and facts of his/her knowledge and whether he/she has ever given a statement or prepared a report or other writing relative to this claim.

**INTERROGATORY NO. 4:** Identify each person whom you expect to testify on behalf of Sovereign Charters LLC at trial, stating for each witness whether that person is a fact or expert witness, as well as each document or other exhibit, including summaries of evidence, which you expect to offer, or may offer at trial.

**<u>INTERROGATORY NO. 5</u>:** Is, or was at the time of plaintiff's injury, someone in your employ responsible for preparing reports of injuries sustained by seamen or other persons aboard the *Sovereign* or its tender, and if so, who?

**<u>INTERROGATORY NO. 6</u>:** Was a deck log maintained on the *Sovereign* and/or its tender at the time of the incident complained of, and if so, please identify the name, address, phone number and job title of each person who was responsible for maintaining the log at the time of incident, together with the name address and phone number of the person who currently has custody and control of such log?

**<u>INTERROGATORY NO. 7</u>:** Was an engine log maintained on the *Sovereign* and/or its tender at the time of the incident complained of, and if so, who currently has custody and control of such log?

**<u>INTERROGATORY NO. 8</u>:** If you paid maintenance and cure to Ms. Myers subsequent to this accident, state the dates of each payment; the amounts, in dollars of each payment, which payments were made, the total number of days included, the rate at which payments were made and the reason why any payments were terminated or suspended.

**<u>INTERROGATORY NO. 9</u>:** List the names and addresses of all persons, corporations, or other entities who have an ownership interest in the *Sovereign* and/or its tender, providing the date each vessel was acquired, where each vessel was acquired, from whom each vessel was acquired and for how much each vessel was acquired for, as well as the specifications, model number/hull number and serial numbers for each vessel.

**INTERROGATORY NO. 10**: Identify each and every insurance agreement, including but not limited to P&I agreements, including without limitation all "declaration pages" and extent of coverage pages, which may satisfy in whole or in part any judgment the plaintiff may obtain against you in this action, or which may indemnify or reimburse you for any payment made to satisfy any such judgment, setting forth the amounts of liability and/or extensive insurance coverage, the date said policy was in effect and the named insured under said policy.

**INTERROGATORY NO. 11**: State the name, address and telephone number of all officers and crew members who were on duty at the time of Ms. Myers' injury, all deck officers and employees who were on board at the time of the aforementioned injury, and all other witnesses of the injury to Ms. Myers known to you or to your agents or attorneys.

**INTERROGATORY NO. 12**: State whether you, or any employee, agent, representative, investigator or insurer of Sovereign Charters LLC obtained a statement or regarding the incident or damages resulting therefrom from Ms. Myers, and/or from any other person, and if so, state the date that each statement or report was given, the name address and occupation of the person to whom and for whom said statement or report was given, as well as the name and address of the person, firm or corporation having possession of said statement or report.

**INTERROGATORY NO. 13**: State whether any photographs, videotapes or motion picture films were taken on, or within one month before, the date of the incident or at any time since the incident, of the yacht, *Sovereign* and/or its tender and/or Ms. Myers, and/or

the scene of her injury, and if so, please identify same, giving the date or dates of the taking of said photographs, videotapes or motion picture films, and the names and addresses of the person or persons taking same and/or having possession of the same.

**INTERROGATORY NO. 14:** Please state the details regarding who made the decision to engage in the work being performed by Ms. Myers and the crew at the time of the accident in suit, including the duties of each crew member at the time.

**INTERROGATORY NO. 15:** State where the *Sovereign* and its tender were anchored on the day of the incident described in the complaint, as well as the course followed by the tender from *Sovereign* to the point of injury and back to *Sovereign*.

**INTERROGATORY NO. 16:** State the name of the person supervising Ms. Myers at the time of the incident or who directed Ms. Myers to perform the work she was doing at said time.

**INTERROGATORY NO. 17:** List the names and addresses of any persons whom Sovereign Charters LLC has consulted and retained who will testify as an expert witness on behalf of Sovereign Charters LLC concerning either the incident mentioned in the complaint and/or the damages resulting therefrom, specifying as to each such expert witness, the following:

a. The expert's qualifications in the expert's field of specialization, including details as to education and experience in the field of the expert's specialty, including the manner in which the expert acquired experience in such specialty;

b. The expert's residence and business address;

c. The substance of the facts and opinions as to which each such expert is expected to testify; and

d. A summary of the grounds of each opinion of each expert, including any text or other manual upon which the expert relies.

**INTERROGATORY NO. 18**: Prior and subsequent to the accident, did your company or any other company to your knowledge, made any repairs, additions, alterations, renovations, improvements or do any similar work on the vessel, specifically the tender to the *Sovereign,* and if so, state:

a. the date and place such repairs were performed;

b. the names of all persons or companies participating in said work;

c. the name of each and every company who ordered or requested the work be done;

d. the reason the work was done;

e. a description of all repairs, alterations or similar work done.

**INTERROGATORY NO. 19**: Please state the current location of the *Sovereign* and the location of its tender upon which Ms. Myers was injured and the current owner(s) of said vessels.

**INTERROGATORY NO. 20**: If you contend that Ms. Myers was at fault in causing her injuries, state in detail all the facts on which you base your contention.

SUSAN MYERS
By her Attorneys,
HANSON CURRAN LLP

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax
jtm@hansoncurran.com
knm@hansoncuran.com

**PROOF OF SERVICE**

I hereby certify that on this 14 day of October, 2004 I mailed or hand delivered a copy of the above to **Seth S. Holbrook, Esq. and Robert Murphy, Esq.**, HOLBROOK & MURPHY, 150 Federal Street, 12th Floor, Boston, MA 02110.

of Hanson Curran LLP