**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ******************************) | |
| **SUSAN MYERS,** ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | **Civil Action No.: 04-06T** |
| ) | |
| **SOVEREIGN CHARTERS, LLC,** ) | |
| **Defendant** ) | |
| ****************************** | |

**DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

Now comes the defendant in the above captioned matter, by and through its undersigned attorney, and respectfully moves this Honorable Court for a Protective Order that the 30(b)(6) deposition of the defendant should not take place in Rhode Island. The defendant respectfully asserts that the deposition should take place, if at all, in California where the witness works and resides. This motion is filed on an emergency basis because the plaintiff seeks to default the defendant if the deponent does not appear for deposition on January 10, 2005.

In the alternative, in the event this Honorable Court does not see fit to grant the requested relief, and Orders the deponent to appear in Rhode Island, that the defendant be provided a reasonable amount of time beyond January 10, 2004 to present the witness for deposition.

In support of this motion, the defendant respectfully asserts that the proposed deponent is a resident of the state of California, and that any deposition should occur, if at all, in the State of California. *See* 4 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 26.70, at 454 (2d ed.1993)("The cases indicate, however, that the

15

defendant will usually be examined at his residence or place of business employment....") Id at 454, (string citation omitted).

The defendant respectfully asserts that the instant case presents absolutely no justification for deviating from the general rule that the deposition should occur, if at all, at the witness's residence or place of business. In further support of this motion, the defendant refers to its Memorandum of Law which is incorporated by reference herein.

WHEREFORE, the defendant respectfully prays for the following relief:

1. For a Protective Order that the defendant's 30(b)(6) designee need not travel to Rhode Island for deposition:

2. That any such deposition take place proximate to the witness's work or residence in California.

3. In the alternative, in the event that this Honorable Court does not see fit to grant the requested relief, and Orders that the deposition should take place in Rhode Island, that the defendant be provided a reasonable amount of time beyond January 10, 2004, to present the witness for deposition.

4. For whatever further relief this Honorable Court deems just and appropriate.

Respectfully submitted,
By its attorneys,

Seth S. Holbrook

Seth S. Holbrook RI Bar # 5677
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
617-428-1151

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by ~~hand~~) and Facsimile on 12-29-04

Seth S. Holbrook

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ****************************** ) | |
| **SUSAN MYERS,** ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | **Civil Action No.: 04-06T** |
| ) | |
| **SOVEREIGN CHARTERS, LLC,** ) | |
| **Defendant** ) | |
| ****************************** | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION FOR PROTECTIVE ORDER**

Now comes the defendant in the above captioned matter, by and through its undersigned attorney, and respectfully files its Memorandum in Support of its Emergency Motion for Protective Order. The defendant respectfully asserts that the 30(b)(6) deposition of the defendant should not take place in Rhode Island. The defendant respectfully asserts that the deposition should take place, if at all, in California where the witness works and resides. This memorandum is filed on an emergency basis because the plaintiff seeks to default the defendant if the deponent does not appear for deposition on January 10, 2005.

In support of this motion, the defendant respectfully asserts that the proposed deponent is a resident of the state of California, and that any deposition should occur, if at all, in the State of California. *See* 4 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 26.70, at 454 (2d ed.1993)("The cases indicate, however, that the defendant will usually be examined at his residence or place of business employment....") Id at 454, (string citation omitted).

The defendant respectfully asserts that the instant case presents absolutely no justification for deviating from the general rule that the deposition should occur, if at all, at the witness's residence or place of business. In further support of this motion, the defendant states the following.

## I. BACKGROUND

1. The plaintiff alleges a personal injury occurring at sea while serving aboard the tender to the M/Y SOVEREIGN, near Anguilla. Affidavit of counsel attached as Exhibit A).

2. None of the individuals who were serving aboard the vessel with the plaintiff at the time of her alleged injury are currently employed by the defendant. (Affidavit of Darryl Withrow attached as Exhibit B).

3. No witnesses to the plaintiff's alleged incident are currently employed by Sovereign Charters, LLC. (Affidavit of Darryl Withrow attached as Exhibit B).

4. There are no officers, directors or managing agents of the defendant currently residing on the East Coast. (Affidavit of Darryl Withrow attached as Exhibit B).

5. All of the officers, directors or managing agents of Sovereign Charters LLC, or other persons who consent to testify on its behalf, reside in California. (Affidavit of Darryl Withrow attached as Exhibit B).

6. All documents and paper work in the defendant's possession relative to the SOVEREIGN are kept in California. (Affidavit of Darryl Withrow attached as Exhibit B).

7. Sovereign Charters is a Rhode Island company. Attorney James Hyman of Rhode Island was hired to perform the legal work to create the limited liability company. Sovereign Charters, LLC's principal office in Rhode Island is Attorney Hyman's law office. Attorney Hyman is the company's Registered Agent. Aside from Attorney Hyman's law office, Sovereign Charters LLC has no other offices in Rhode Island. (Affidavit of Darryl Withrow attached as Exhibit B).

8. Sovereign Charters LLC does not own any real property located in Rhode Island. (Affidavit of Darryl Withrow attached as Exhibit B).

9. The plaintiff initially noticed the defendant's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) for November 1, 2004. Prior to November 1, 2004, counsel for the plaintiff and defendant conferred and the deposition was taken off by agreement. (Affidavit of counsel attached as Exhibit A).

10. The plaintiff subsequently noticed the defendant's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) for December 13, 2004. Prior to December 13, 2004, counsel for the plaintiff and defendant conferred and defense counsel objected to the deposition occurring in Rhode Island as the deponent worked and resided in California. Defense counsel offered alternatives such as obtaining the deposition telephonically. Plaintiff's attorney did not agree to take the deposition telephonically. (Affidavit of counsel attached as Exhibit A).

11. Prior to December13, 2004, plaintiff's counsel and defendant's counsel could not agree on the location of the deposition. It was defense counsel's understanding that counsel had "agreed to disagree" and that the matter would be decided by the court. Defense counsel did not understand that plaintiff's counsel was expecting a witness to

appear and testify on December 13, 2004. Apparently, this belief was in error and the plaintiff's attorney was expecting a witness on December 13, 2004, even though he did not telephone the day before the deposition to confirm, as is customary. Defense counsel has voluntarily agreed to reimburse plaintiff's counsel for stenographic expenses. (Affidavit of counsel attached as Exhibit A).

12. In the interests of reciprocity, the defendant notes that it scheduled the plaintiff's deposition on three occasions before the plaintiff appeared for deposition. On none of these occasions did plaintiff's counsel file for a protective order. Defense counsel agreed to reschedule the depositions as a professional courtesy. (Affidavit of counsel attached as Exhibit A).

## II. ARGUMENT

Federal Rule of Civil Procedure 30(b)(6) requires a party named in a notice of deposition that is a corporation or government agency to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf...." As set forth above, all of the potential 30(b)(6) designees work and reside in the State of California. None of the potential 30(b)(6) designees have personal knowledge regarding the occurrence of the plaintiff's alleged injury. The defendant respectfully asserts that requiring a representative of the defendant with no actual knowledge of the occurrence to travel from California to Rhode Island would be burdensome and unfair, especially in light of feasible alternatives, such as a telephone deposition. Defense counsel has agreed to present the witness by way of telephone deposition but plaintiff's counsel has refused to conduct the deposition telephonically. (Please see Affidavit of Robert J. Murphy attached hereto).

The plaintiff unilaterally selected the place for the proposed deposition. Rule 26(c) provides in pertinent part, "Upon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court ... may make an order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Thus the court under Rule 26(c) has discretion in controlling "details of time, place, scope and financing for the protection of deponents and parties." 4 JAMES WM. MOORE AND JO DESHA LUCAS, MOORE'S FEDERAL PRACTICE ¶ 26.21, at 354 (2d ed.1994).

It is well settled that the deposition of a corporation by its agents and officers should ordinarily be taken where the witness works or resides. *See* 4 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 26.70, at 454 (2d ed.1993)("The cases indicate, however, that the defendant will usually be examined at his residence or place of business employment....") Id at 454, (string citation omitted). Of course, it is within the discretion of the Court to designate the place of examination. Each case must be considered on its own facts and equities. Tomingas v. Douglas Aircraft Co., 45 F.R.D. 94 (S.D.N.Y.1968).

The defendant respectfully asserts that this case's facts and equities dictate that the deposition take place in California or be taken by less onerous means, for example telephonically.

WHEREFORE, the defendant respectfully prays for the following relief:

1. For a Protective Order that the defendant's 30(b)(6) designee need not travel to Rhode Island for deposition:

2. That any such deposition take place proximate to the witness's work or residence in California.

3. In the alternative, in the event that this Honorable Court does not see fit to grant the requested relief, and Orders that the deposition should take place in Rhode Island, that the defendant be provided a reasonable amount of time beyond January 10, 2004, to present the witness for deposition.

4. For whatever further relief this Honorable Court deems just and appropriate.

Respectfully submitted,
By its attorneys,

Seth S. Holbrook

Seth S. Holbrook RI Bar # 5677
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
617-428-1151

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail ~~(by hand)~~ and facsimile on 12-29-04

Seth S. Holbrook

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

******************************)
**SUSAN MYERS,** )
**Plaintiff** )
)
**v.** ) **Civil Action No.: 04-06T**
)
**SOVEREIGN CHARTERS, LLC,** )
**Defendant** )
******************************

## AFFIDAVIT OF COUNSEL

1. My name is Robert J. Murphy. I am a partner in the law firm of Holbrook & Murphy, counsel for the defendant in the above captioned matter. I am an Attorney in good standing in every jurisdiction where I have been admitted to practice. I have personal knowledge of the matters set forth herein, except as to those matters set forth upon information and belief, and as to those matters I believe them to be true.

2. The plaintiff alleges a personal injury occurring at sea while serving aboard the tender to the M/Y SOVEREIGN, near Anguilla. The plaintiff initially noticed the defendant's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) for November 1, 2004. Prior to November 1, 2004, counsel for the plaintiff and I conferred and the deposition was taken off by agreement.

3. The plaintiff subsequently noticed the defendant's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) for December 13, 2004. Prior to December 13, 2004, counsel for the plaintiff and I conferred and I objected to the deposition occurring in Rhode Island as the deponent worked and resided in California. I offered alternatives

[redacted]

such as obtaining the deposition telephonically. Plaintiff's attorney did not agree to take the deposition telephonically.

4. Prior to December13, 2004, plaintiff's counsel and I could not agree on the location of the deposition. It was my understanding that counsel had "agreed to disagree" and that the matter would be decided by the court. Following our discussion, I did not understand that plaintiff's counsel was expecting a witness to appear and testify on December 13, 2004. Further, pursuant to the customary practice of telephoning the day before to confirm the deposition, I received no telephone call.

5. After learning that plaintiff's attorney stated he was expecting a witness on December 13, 2004, I voluntarily agreed to reimburse plaintiff's counsel for stenographic expenses.

6. The defendant scheduled the plaintiff's deposition on three occasions before the plaintiff appeared for deposition. On none of these occasions did plaintiff's counsel file for a protective order. Defense counsel agreed to reschedule the depositions as a professional courtesy.

**SWORN UNDER THE PAINS AND PENALTIES OF PERJURY**

Robert J. Murphy

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

******************************)
**SUSAN MYERS,** )
**Plaintiff** )
)
**v.** ) **Civil Action No.: 04-06T**
)
**SOVEREIGN CHARTERS, LLC,** )
**Defendant** )
******************************

**AFFIDAVIT OF DARRYL WITHROW**

Darryl Withrow, being duly sworn, under oath, depose and say to the best of my knowledge and belief:

1. My name is Darryl Withrow. I reside in Newport Beach, California. I am an adult and have personal knowledge of the matters set forth herein, except as to those matters stated to be upon information and belief, and as to those matters I believe them to be true.

2. This affidavit is submitted in support of the Defendant's Motion for a Protective Order and in opposition to the Plaintiff's Motion to Compel.

3. I am the individual designated by Sovereign Charters, LLC who consents to testify on its behalf as to matters described in the Plaintiff's Notice of Deposition.

4. I understand that the Plaintiff alleges she sustained a personal injury while serving aboard the tender to the SOVEREIGN while the vessel was at sea. None of the individuals who were serving aboard the vessel with the Plaintiff at the time of her alleged incident are currently employed by Sovereign Charters, LLC.

[redacted]

5. No witness to the Plaintiff's alleged incident is currently employed by Sovereign Charters, LLC.

6. Sovereign Charters, LLC is a Rhode Island company. Attorney James F. Hyman of Rhode Island was hired to perform the legal work to create the limited liability company. Sovereign Charters, LLC's principal office in Rhode Island is Attorney Hyman's law office. Attorney Hyman is the company's Resident Agent. Aside from Attorney Hyman's office, Sovereign Charters, LLC has no other offices in Rhode Island.

7. Sovereign Charters, LLC does not own any Real Property located in Rhode Island.

8. There are no officers, directors or managing agents of Sovereign Charters, LLC currently residing on the East Coast.

9. All of the officers, directors or managing agents of Sovereign Charters, LLC or other persons who consent to testify on its behalf reside in California.

10. All documents and paper work in the Defendant's possession relative to the SOVEREIGN are located in California.

11. Traveling to Rhode Island to testify on this matter would cause me undue hardship.

Sworn to under the pains and penalties of perjury this 23 day of December, 2004.

Darryl Withrow