**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SUSAN MYERS, Plaintiff | |
| v. | Civil Action No.: 04-06T |
| SOVEREIGN CHARTERS, LLC, Defendant | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ATTENDANCE AT DEPOSITION**

Now comes the defendant in the above captioned matter, by and through its undersigned attorney and respectfully files its opposition to the Plaintiff's Motion to Compel Attendance at deposition.

In support of its opposition, the defendant respectfully asserts that the proposed deponent is a resident of the state of California, and that any deposition should occur, if at all, in the State of California. *See* 4 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 26.70, at 454 (2d ed.1993)("The cases indicate, however, that the defendant will usually be examined at his residence or place of business employment…." Id at 454, (string citation omitted).

The defendant respectfully asserts that the instant case presents absolutely no justification for deviating from the general rule that the deposition should occur, if at all, at the witness's residence or place of business. Indeed, this case's facts present a compelling argument that the deposition should occur in California:

1. The plaintiff alleges a personal injury occurring at sea while serving aboard the tender to the M/Y SOVEREIGN, near Anguilla. (Please see Affidavit of

16

Counsel attached as Exhibit A; Affidavit of Darryl Withrow attached as Exhibit B).

2. None of the individuals who were serving aboard the vessel with the plaintiff at the time of her alleged injury are currently employed by the defendant. (Affidavit of Darryl Withrow attached as Exhibit B).

3. No witnesses to the plaintiff's alleged incident are currently employed by Sovereign Charters, LLC. (Affidavit of Darryl Withrow attached as Exhibit B).

4. There are no officers, directors or managing agents of the defendant currently residing on the East Coast. (Affidavit of Darryl Withrow attached as Exhibit B).

5. All of the officers, directors or managing agents of Sovereign Charters LLC, or other persons who consent to testify on its behalf, reside in California. (Affidavit of Darryl Withrow attached as Exhibit B).

6. All documents and paper work in the defendant's possession relative to the SOVEREIGN are kept in California. (Affidavit of Darryl Withrow attached as Exhibit B).

7. Sovereign Charters is a Rhode Island Company. Attorney James Hyman of Rhode Island was hired to perform the legal work to create the limited liability company. Sovereign Charters, LLC's principal office in Rhode Island is Attorney Hyman's law office. Attorney Hyman is the company's Registered Agent. Aside from Attorney Hyman's law office, Sovereign Charters LLC has no other offices in Rhode Island. (Affidavit of Darryl Withrow attached as Exhibit B).

8. Sovereign Charters LLC does not own any real property located in Rhode Island. (Affidavit of Darryl Withrow attached as Exhibit B).

As indicated above, the proposed 30(b)(6) deponent has no first hand knowledge regarding the occurrence of the plaintiff's alleged injury. To require an executive, with little first hand knowledge of the case, to travel from California to Rhode Island would be burdensome and unfair, especially in light of feasible alternatives, such as a telephone deposition. Defense counsel has agreed to present the witness by way of telephone deposition but plaintiff's counsel has refused to conduct the deposition telephonically. (Please see Affidavit of Counsel attached as Exhibit A).

Pursuant to Federal Rule of Civil Procedure 26 (c)(2), the defendant is filing its Motion for a Protective Order herewith. The defendant respectfully refers this Honorable Court to that pleading, which is incorporated by reference herein.

WHEREFORE, the defendant respectfully opposes the plaintiff's motion to compel attendance at deposition.

Respectfully submitted,
By its attorneys,

Seth S. Holbrook

Seth S. Holbrook RI Bar # 5677
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
617-428-1151

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) and facsimile on 12-29-04

Seth S. Holbrook

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

*******************************)
**SUSAN MYERS,** )
**Plaintiff** )
)
**v.** ) **Civil Action No.: 04-06T**
)
**SOVEREIGN CHARTERS, LLC,** )
**Defendant** )
*******************************

**AFFIDAVIT OF COUNSEL**

1. My name is Robert J. Murphy. I am a partner in the law firm of Holbrook & Murphy, counsel for the defendant in the above captioned matter. I am an Attorney in good standing in every jurisdiction where I have been admitted to practice. I have personal knowledge of the matters set forth herein, except as to those matters set forth upon information and belief, and as to those matters I believe them to be true.

2. The plaintiff alleges a personal injury occurring at sea while serving aboard the tender to the M/Y SOVEREIGN, near Anguilla. The plaintiff initially noticed the defendant's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) for November 1, 2004. Prior to November 1, 2004, counsel for the plaintiff and I conferred and the deposition was taken off by agreement.

3. The plaintiff subsequently noticed the defendant's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) for December 13, 2004. Prior to December 13, 2004, counsel for the plaintiff and I conferred and I objected to the deposition occurring in Rhode Island as the deponent worked and resided in California. I offered alternatives

[redacted]

such as obtaining the deposition telephonically. Plaintiff's attorney did not agree to take the deposition telephonically.

4. Prior to December13, 2004, plaintiff's counsel and I could not agree on the location of the deposition. It was my understanding that counsel had "agreed to disagree" and that the matter would be decided by the court. Following our discussion, I did not understand that plaintiff's counsel was expecting a witness to appear and testify on December 13, 2004. Further, pursuant to the customary practice of telephoning the day before to confirm the deposition, I received no telephone call.

5. After learning that plaintiff's attorney stated he was expecting a witness on December 13, 2004, I voluntarily agreed to reimburse plaintiff's counsel for stenographic expenses.

6. The defendant scheduled the plaintiff's deposition on three occasions before the plaintiff appeared for deposition. On none of these occasions did plaintiff's counsel file for a protective order. Defense counsel agreed to reschedule the depositions as a professional courtesy.

**SWORN UNDER THE PAINS AND PENALTIES OF PERJURY**

Robert J. Murphy

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

******************************)
**SUSAN MYERS,** )
**Plaintiff** )
)
**v.** ) **Civil Action No.: 04-06T**
)
**SOVEREIGN CHARTERS, LLC,** )
**Defendant** )
******************************

**AFFIDAVIT OF DARRYL WITHROW**

Darryl Withrow, being duly sworn, under oath, depose and say to the best of my knowledge and belief:

1. My name is Darryl Withrow. I reside in Newport Beach, California. I am an adult and have personal knowledge of the matters set forth herein, except as to those matters stated to be upon information and belief, and as to those matters I believe them to be true.

2. This affidavit is submitted in support of the Defendant's Motion for a Protective Order and in opposition to the Plaintiff's Motion to Compel.

3. I am the individual designated by Sovereign Charters, LLC who consents to testify on its behalf as to matters described in the Plaintiff's Notice of Deposition.

4. I understand that the Plaintiff alleges she sustained a personal injury while serving aboard the tender to the SOVEREIGN while the vessel was at sea. None of the individuals who were serving aboard the vessel with the Plaintiff at the time of her alleged incident are currently employed by Sovereign Charters, LLC.

[redacted]

5. No witness to the Plaintiff's alleged incident is currently employed by Sovereign Charters, LLC.

6. Sovereign Charters, LLC is a Rhode Island company. Attorney James F. Hyman of Rhode Island was hired to perform the legal work to create the limited liability company. Sovereign Charters, LLC's principal office in Rhode Island is Attorney Hyman's law office. Attorney Hyman is the company's Resident Agent. Aside from Attorney Hyman's office, Sovereign Charters, LLC has no other offices in Rhode Island.

7. Sovereign Charters, LLC does not own any Real Property located in Rhode Island.

8. There are no officers, directors or managing agents of Sovereign Charters, LLC currently residing on the East Coast.

9. All of the officers, directors or managing agents of Sovereign Charters, LLC or other persons who consent to testify on its behalf reside in California.

10. All documents and paper work in the Defendant's possession relative to the SOVEREIGN are located in California.

11. Traveling to Rhode Island to testify on this matter would cause me undue hardship.

Sworn to under the pains and penalties of perjury this 23 day of December, 2004.

Darryl Withrow