JTM:ems 03-216 12/30/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUSAN MYERS
*Plaintiff,*

v. C.A. NO. 04-06T

SOVEREIGN CHARTERS, LLC
*Defendants.*

**PLAINTIFF'S OBJECTION TO DEFENDANT'S "EMERGENCY MOTION FOR PROTECTIVE ORDER"**

Now comes plaintiff, Susan Myers, through counsel, and objects to defendant, Sovereign Charters, LLC's, emergency motion for protective order. The grounds for this objection are set forth in the accompanying memorandum of law and exhibits attached thereto.

Plaintiff, Susan Myers
By her Attorneys,

HANSON CURRAN LLP

James T. Murphy, Esq. #1698
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

17

**PROOF OF SERVICE**

I hereby certify that on this 30th day of December, 2004, I served the within document by mailing a copy of same to **Seth S. Holbrook, Esq. and Robert Murphy, Esq.**, HOLBROOK & MURPHY, 150 Federal Street, 12th Floor, Boston, MA 02110.

______________________________
of Hanson Curran LLP

JTM:ems 03-216 12/30/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUSAN MYERS
*Plaintiff,*

v. C.A. NO. 04-06T

SOVEREIGN CHARTERS, LLC
*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S "EMERGENCY MOTION FOR PROTECTIVE ORDER"**

Plaintiff thrice scheduled the deposition of the defendant corporation, Sovereign Charters, LLC, pursuant to Rule 30(b)(6). Currently plaintiff's motion to compel Sovereign Charters, LLC to appear on the third scheduled deposition date, currently set for January 10, 2005, is before the Court. Plaintiff asks that he motion to compel and the memorandum with exhibits attached thereto be considered in tandem with this memorandum in opposition.

Plaintiff is a Jones Act seaman who was seriously injured aboard a 26' Intrepid motor vessel which was serving as tender to the yacht Sovereign. She was injured in January, 2001 in waters off Anguilla.

Pursuant to Rule 30(b)(6), plaintiff issued a notice of deposition for Sovereign Charters, LLC. Attached to the notice of deposition as "Schedule A" was a description of the information sought. Specifically, plaintiff asked defendant to:

> Please produce person with the most knowledge concerning the hiring and supervision of Susan Myers, Stephen Quentel and all other members of the crew of the *Sovereign*, as well as the operation of the yacht, *Sovereign* and its tender during 2000 through 2002 with regard to the incident alleged in the complaint. This person should have knowledge of the tender as well as its

maintenance and/or any modifications as well as the subject matter regarding the incident set forth in the complaint and the defense as set forth in the answer of Sovereign Charters, LLC.

Initially, the deposition was scheduled for November 1, 2004. On the afternoon before the deposition was to take place, plaintiff's counsel attempted to confirm the deposition and learned that no one would be attending. Accordingly, plaintiff's counsel rescheduled the deposition for December 13, 2004. On that date, no one appeared and no notice was given plaintiff's counsel that no one would be appearing. Accordingly, a transcript was prepared of the proceeding at that time and the motion to compel attendance was filed. A third deposition date was scheduled for January 10, 2005.

In its motion, Sovereign Charters, LLC asserts that the persons who consent to testify on its behalf reside in California. Defendant attaches an affidavit of one Darrell Withrow in support of this assertion. Mr. Withrow asserts, in paragraph 3 of his deposition, that "I am the individual designated by Sovereign Charters, LLC who consents to testify in its behalf as to matters described in plaintiff's notice of deposition." Mr. Withrow does not aver that he is, in fact, an employee of Sovereign Charters, LLC. However, he acknowledges that "Sovereign Charters is a Rhode Island company" and that it has a "principal office in Rhode Island" which is also the office of Attorney James Hyman in Newport.

The general rule is that the deposition of a corporation, pursuant to Rule 30(b)(6), "through its agents or officers should normally be taken at the principal place of business of the corporation." *Resolution Trust Corporation v. Worldwide Insurance Management Corp.*, 147 F.R.D. 125 (N.D. Texas 1992), citing *Turner v. Prudential Ins. Co.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988); *Moore v. Pyrotech Corp.*, 137 F.R.D. 356, 357 (D. Can. 1991); *Farquhar v. Shelden*, 116 F.R.D. 70 (E.D. Mich.1987).

In *Resolution Trust*, the plaintiff issued a Rule 30(b)(6) deposition notice to Worldwide Insurance Management Corp. The corporation designated its president, who resided in London, England. Resolution Trust wanted to depose the president in Dallas. Dallas was Worldwide's principal place of business. The lawsuit's forum also was in Dallas. It also was the city in which counsel for the parties were located. Only one corporate representative was to be deposed. Accordingly, the court, after weighing the factors, ordered that the deposition take place in Dallas, Texas, where the corporation's principal place of business was located, not London where its self-designated deponent resided. 147 F.R.D. 125, 126-127.

In the case at bar, the defendant, seeking a protective order pursuant to Rule 26(c) of the Rules of Civil Procedure, has the burden of proof. In other words, it is the defendant, not plaintiff, who must present evidence that "for good cause shown" it is entitled to a protective order.

Nevertheless, although the defendant has the burden of proof, plaintiff submits the following in support of its opposition to the motion for protective order. The evidence explains why the deposition of the corporate defendant should take place in Rhode Island.

The Intrepid tender upon which plaintiff was injured was owned at the time by defendant, Sovereign Charters, LLC. Attached as Exhibit 1 hereto is a copy of the Rhode Island Boat Registration Certificate issued for the Intrepid. The owner is listed as Sovereign Charters, LLC. The certificate lists the street address for Sovereign Charters as 11 Memorial Boulevard, Suite 2, Newport, Rhode Island. It also identifies the "principal mooring area/hailing port" as "Newport." On July 17, 2001, Marine Documentation, Inc. wrote to Mr. James R. Glidewell of Sovereign Charters, LLC at 11 Memorial Boulevard, Suite 2, Newport, Rhode Island enclosing the State of Rhode Island Boat Registration Certificate and decals together with additional information

relating to the issuance of a title to the vessel by the State of Rhode Island. *See,* Exhibit 2 attached hereto. For vessel registration and "home port" purposes, Rhode Island is the corporation's place of business.

At the time of plaintiff's injury aboard the Intrepid, the vessel was insured by Sovereign Charters, LLC pursuant to an "additional water craft endorsement" issued by Atlantic Mutual Insurance Company. The policy information, set forth in Exhibit 3 hereto, is addressed to Sovereign Charters, LLC at its 11 Memorial Boulevard, Suite 2, Newport, Rhode Island address. Thus, for liability insurance purposes, Rhode Island is the corporation's place of business.

Sovereign Charters, LLC is a Rhode Island limited liability company. Defendant specifically and intentionally chose Rhode Island to be its corporate home. The annual report for 2000, the year of the plaintiff's injury, represents that it was "actually engaged in this state: boat charters." Both the "principal office" and the "mailing address" of Sovereign Charters, LLC is represented to be 11 Memorial Boulevard, Newport, Rhode Island. The annual report was signed by James R. Glidewell as "member" of Sovereign Charters. *See*, Exhibit 4 attached hereto.

Exhibit 5, attached hereto, is a printout from the website of the office of the Secretary of State for the State of Rhode Island concerning a "Rhode Island Corporation Search" for Sovereign Charters, LLC. It indicates that as of December 30, 2004, (the date of this memorandum) it remains an active corporation with its business address still being at 11 Memorial Boulevard, Newport, Rhode Island.

In this action, the plaintiff asserts that she was a Jones Act seaman, employed by Sovereign Charters, LLC, owner of the vessel in question. Attached hereto as Exhibit 6 is an

"application for employer identification number" executed on behalf of Sovereign Charters, LLC. It was signed by James R. Glidewell, and dated September 19, 2000. It lists the "business address" of the company as 11 Memorial Boulevard, Newport, Rhode Island. It also identifies the "principal officer" as "Jim Glidewell." Therefore, for employment purposes, the corporation's principal place of business is Rhode Island.

On December 28, 2004 plaintiff's counsel received, by fax, statements obtained by defendant's insurer from Stephen Quintel and Dan Cole, the former captain and mate, respectively, of the *Sovereign* and its tender. Mr. Quintel's statement, Exhibit 7, reveals that "Jim Glidewell, the owner of Sovereign Charters personally used the boat 3-4 weeks out of the year, one week at a time – 3-4 different times. The rest of the year, except when the boat was undergoing maintenance and repair work at a shipyard, it was on charter or available for charter as a fully-crewed boat." Mr. Quintel also explained that the *Sovereign* operated "from Newport, RI, from roughly May through September." Mr. Quintel also stated that the plaintiff "worked full-time aboard the boat as executive chef" and that at or about the time of her injury "Mr. Glidewell planned to use the *Sovereign* for a week, and planned to dive around the neighboring island of Anguilla." Mr. Cole's statement, Exhibit 8, is virtually a verbatim copy of Mr. Quintel's with regard to the aforementioned information. Thus the captain and mate both assert that *Sovereign* is in Newport and its waters for a substantial part of the year. Thee documents and the witnesses show that Mr. Glidewell, and not Mr. Withrow, is the real person with actuial knowledge about the *Sovereign*, its tender, and its crew.

On August 23, 2004, the plaintiff, Susan Myers, presented herself for a deposition by defendant's attorney. Although she resides in Stamford, Connecticut (near the New York state line),and is in great pain (after two spinal surgeries and ongoing treatment for her injuries) she

traveled to Providence, Rhode Island for the deposition. In response to questions propounded by defendant's counsel, Ms. Myers testified that Mr. Glidewell was "the boss" with respect to the *Sovereign* and its use. (Exhibit 9, particularly page 13, lines 4-11).

Mr. Glidewell is the principal of Sovereign Charters, LLC and the "boss" of the vessel. He is the person to whom information concerning the tender and its registration was addressed. He is the person who signed documents for the limited liability company as well as documents relating to the application for an employer identification number.

On the other hand, it appears that Mr. Glidewell has other, non-maritime, business interests unrelated to the yacht *Sovereign* and plaintiff's Jones Act claim. Mr. Glidewell is President and CEO of "Glidewell Laboratories." See Exhibit 10 attached hereto, which is a printout from www.glidewell-lab.com setting forth "managers biographies." Exhibit 10 also identifies Mr. Darrell Withrow, defendant's affiant, as the Vice-President of Operations for Glidewell Laboratories. Nowhere in the affidavit or any other document is Mr. Darrell Withrow identified as an employee or agent of the defendant, Sovereign Charters, LLC. He is, simply, a "straw" or *stamineus homo* with respect to this case. *See,* Black's Law Dictionary, Revised Fourth Ed.

Plaintiff asserts that the designation of Mr. Withrow, rather than Mr. Glidewell, as the Rule 30(b)(6) deponent is a sham and designed simply to shield Mr. Glidewell from having to answer questions with respect to his involvement in the manning of the vessel and his knowledge concerning the purchase, inspection, equipment, and seaworthiness of the Intrepid. Further, Mr. Glidewell seems to be the person who would have the most knowledge concerning the subsequent treatment Susan Myers and other crew members, by their erstwhile employer

(Sovereign Charters, LLC) after her injury, particularly with respect to her discharge and maintenance and cure claims.

Defendant's claim that Sovereign's principal place of business is in California is a sham, as well. All of the pertinent documentation makes it quite clear that Sovereign Charters LLC intentionally and repeatedly represented to the State of Rhode Island and to its insurer that its principal place of business is in Rhode Island. Indeed, the *Sovereign* itself spent a good part of the year in Rhode Island. Newport is identified as its "hailing port."

Defendant's motion quite simply appears to be an attempt to stone-wall and "wear down" the plaintiff. Susan Myers, who is seriously injured and of very modest means, managed to present herself for deposition and for "independent medical examinations" at the request of defendant. Further, plaintiff's counsel is traveling (without objection or motion for protective order) to Florida and New York on short notice for several depositions scheduled by defense counsel.

Defendant's assertion that all the pertinent documents are locatedin California is a sham, as well. Counsel for both parties have them. A large box of documents (in a delayed response to plaintiff's motion to compel production) was delivered to plaintiff's counsel's office on December 29, 2004, the same day that plaintiff signed its motion for a protective order.

In sum, defendant has failed to show good cause why the deposition of Sovereign Charters should not go forward, as scheduled, here in Rhode Island.

For the aforesaid reasons, plaintiff respectfully requests this Honorable Court to deny defendant's "emergency motion" for protective order and, further, to order defendant to present a suitable Rule 30(b)(6) deponent, in good faith, on January 10, 2005, in Providence, Rhode Island.

Plaintiff, Susan Myers
By her Attorneys,

HANSON CURRAN LLP

James T. Murphy, Esq. #1698
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

**PROOF OF SERVICE**

I hereby certify that on this 30th day of December, 2004, I served the within document by mailing a copy of same to **Seth S. Holbrook, Esq. and Robert Murphy, Esq.**, HOLBROOK & MURPHY, 150 Federal Street, 12th Floor, Boston, MA 02110.

of Hanson Curran LLP