JTM:ems 03-216 1/03/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUSAN MYERS
*Plaintiff,*
v. C.A. NO. 04-06T

SOVEREIGN CHARTERS, LLC
*Defendants.*

## JOINT MOTION TO EXTEND PRE-TRIAL DEADLINES

Now come plaintiff, Susan Myers, and defendant, Sovereign Charters, LLC, through their counsel, and jointly move this Honorable Court to extend the deadlines, including pre-trial discovery closure date, set forth in the Court's pre-trial order of June 2, 2004. The parties jointly ask the Court to extend the current pre-trial discovery closure date of January 15, 2005, to March 15, 2005, and that other pre-trial activity dates be extended by an equivalent 60 days.

As grounds for this motion, the parties assert that they have been diligent in their discovery. However, there are several factors that militate in favor of extending the pre-trial deadlines.

1. The plaintiff alleges that she sustained a severe cervical injury aboard defendant's vessel while in waters off Anguilla in the Caribbean Sea. She subsequently underwent two spinal fusion surgeries, with bone grafting. Current medical information indicates that she has not yet reached an end result. Her medical treatment continues and she is scheduled to undergo cervical blocks, or injections, in mid to late January. She may require additional medical treatment, including more surgery. She recently underwent a second independent medical examination by defendant's physician expert, Dr. Lieponis, in Connecticut. His report is not yet available to the

26

parties. Plaintiff's surgeon is scheduled for a deposition, on videotape, in Connecticut on January 21, 2005. It is unlikely that the parties and their experts will be able to effectively evaluate the plaintiff's current medical status and her prognosis and the cost of future care within the current deadline. Likewise, until pending medical evaluations and procedures are completed, it may be difficult to present an AMA Impairment Rating.

2. Plaintiff's employment status has changed since the accident. Some of these changes are recent and the parties require information sufficient to allow them to definitively evaluate her lost earnings claims. Plaintiff has just received tax return information from her ex-husband, which needs to be evaluated.

3. The captain and first mate of the vessel on which plaintiff was injured are no longer employed by defendant. They were located by the defendant's attorney and their depositions were taken in Florida in January, 2005. However, the transcripts of the depositions have not yet been received by the parties. Those transcripts are necessary for the plaintiff and defense experts to fully evaluate the liability issues (on negligence and unseaworthiness claims and defenses) and prepare their opinions.

4. It appears that no current employees of defendant, Sovereign Charters, LLC, have personal knowledge of the incident. Plaintiff's motion to compel a deposition of Sovereign, pursuant to Rule 30(b)(6), recently was addressed to Magistrate Judge Almond. The parties reached an agreement that the depositions of relevant Sovereign personnel will be conducted over the telephone, as they are located in California. These depositions are necessary to the evaluation and preparation of the case for trial. It is not likely that the transcripts of the depositions of these individuals will be available until perhaps February, 2005.

5. On January 12, 2005, plaintiff's counsel received a large box of documents (including receipts and invoices re: the vessel, crew issues, and plaintiff's medical care). These documents had only just been received by defendant's counsel from California and were immediately expressed to plaintiff's counsel and are still being reviewed.

6. During the course of completing the aforementioned discovery, it is quite possible that additional witnesses or information may be identified that will require some additional discovery by the parties.

Therefore, the parties respectfully submit that it is in the best interests of the efficient administration of justice in this action to extend briefly the pre-trial discovery closure date by 60 days, to March 15, 2005 and to extend all other deadlines by an equivalent 60 days.

Respectfully submitted,

Plaintiff, Susan Myers
By her Attorneys,

HANSON CURRAN LLP

Kelly N. Michels #4478

James T. Murphy, Esq. #1698
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

Seth S. Holbrook

Seth S. Holbrook, Esq.
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Providence, RI 02903
Boston, MA 02110