KNM 03-216 3/29/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SUSAN MYERS<br>*Plaintiff,*<br><br>v.<br><br>SOVEREIGN CHARTERS, LLC<br>*Defendants.* | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. NO. 04-06T |

**JOINT MOTION TO EXTEND PRE-TRIAL DEADLINES**

Now come plaintiff, Susan Myers, and defendant, Sovereign Charters, LLC, through their counsel, and jointly move this Honorable Court to extend the deadlines, including pre-trial discovery closure date, set forth in the Court's pre-trial order of June 2, 2004. The parties jointly ask the Court to extend the current pre-trial fact discovery closure date of March 15, 2005, to June 15, 2005, with Plaintiff's expert disclosures due June 30, 2005 and Defendant's expert disclosures due July 30, 2005. Expert depositions will commence on July 31, 2005. All other pre-trial activity dates are to be extended by 90 days of the current date set for closure. Therefore, all pre-trial memoranda will be filed with this Honorable Court on or before September 15, 2005. This is the parties' second request for an extension of the pre-trial deadlines.

As grounds for this motion, the parties assert that they have been diligent in their discovery. For example, interrogatories were propounded and answered, and all parties and principal witnesses have been deposed. However, there are several factors that militate in favor of extending the pre-trial deadlines.

30

1. The plaintiff alleges that she sustained a severe cervical injury aboard defendant's vessel while in waters off Anguilla in the Caribbean Sea. She subsequently underwent two spinal fusion surgeries, with bone grafting. Current medical information indicates that she has not yet reached an end result. Her medical treatment continues as she underwent cervical blocks, or injections, in January, 2005. The blocks did not work. Her physicians now want her to participate in a pain management clinic. She may require additional medical treatment, including more surgery.

2. Ms. Myers recently underwent a second independent medical examination by defendant's physician expert, Dr. Lieponis, in Connecticut, and an independent medical examination by her own forensic expert, Dr. Feldmann. Both expert physicians cannot make a final AMA Impairment Rating until Ms. Myers is seen for her one-year post-operative visit with her treating surgeon, Dr. Girasole. As of this time, Ms. Myers is not scheduled to see Dr. Girasole until mid-April 2005. Dr. Girasole is expected to determine whether further surgery is recommended or, alternatively, if plaintiff has reached a medical end-result. Due to the aforementioned, the parties and their experts will not be able to effectively evaluate the plaintiff's current medical status (including an AMA Impairment Rating); her prognosis; or, the cost of future care within the current deadlines.

3. On March 22, 2005, plaintiff's counsel returned a medical records authorization form to defense counsel for the purposes of securing Ms. Myers' medical records from Sovereign's health insurer. It only recently came to the attention of both parties that Sovereign's health insurer, Sirius International Insurance Group, covered some of Ms. Myers' medical expenses after the accident. These documents have not yet been received by either counsel. It is

quite possible that additional witnesses or information may be identified in the records and that it will require some additional discovery by the parties.

4. Finally, the parties attended a mandatory settlement conference with Magistrate Judge Almond on February 11, 2005. While both parties negotiated in good faith, no settlement was reached. One of the issues that could not be resolved at that time was Ms. Myers AMA Impairment Rating and whether she would need additional expensive surgery. The parties agreed, at the suggestion of Judge Almond, that negotiations be resumed after Ms. Myers has her one-year post operative evaluation by Dr. Girasole. In the interim, the parties agreed to mediate this matter with William A. Poore, Esq. Magistrate Judge Almond was advised of this development and suggested that counsel file this joint motion. A mediation date is scheduled for May 25, 2005 at Mr. Poore's office.

Therefore, the parties respectfully submit that it is in the best interests of the efficient administration of justice in this action to extend briefly the pre-trial discovery closure date by 90 days, to June 15, 2005 and to extend all other deadlines by an equivalent 90 days.

Respectfully submitted,

Plaintiff, Susan Myers
By her Attorneys,

HANSON CURRAN LLP

Kelly N. Michels, Esq. #6478
James T. Murphy, Esq. #1698
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

Defendant, Sovereign Charters, LLC
By its Attorneys,

Seth S. Holbrook (GNM)
_______________________________
Seth S. Holbrook, Esq.
Robert J. Murphy, Esq.
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Providence, RI 02903
Boston, MA 02110

SO ORDERED:

_______________________________
Ernest C. Torres, Chief United States District Judge

Dated: April ___, 2005

**PROOF OF SERVICE**

I hereby certify that on this 1st day of April, 2005, I served the within document by mailing a copy of same to **Seth S. Holbrook, Esq. and Robert Murphy, Esq.**, HOLBROOK & MURPHY, 150 Federal Street, 12th Floor, Boston, MA 02110.

Elizabeth Machado
_______________________________
of Hanson Curran LLP